[Cite as *Seal Team 6 Asphalt Ceiling Co., L.L.C. v. Ford*, 2026-Ohio-1116.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| SEAL TEAM 6 ASPHALT CEILING CO., L.L.C., | **CASE NO. 2025-T-0056** |
| Plaintiff-Appellant, | Civil Appeal from the Girard Municipal Court |
| - vs - | |
| JOSHUA M. FORD, et al., | Trial Court No. 2025 CVG 00619 |
| Defendant-Appellee. | |

## OPINION AND JUDGMENT ENTRY

Decided: March 30, 2026
Judgment: Affirmed

*Jeffrey R. Jakmides* and *Julie A. Jakmides*, Jakmides Law Offices, LTD., 325 East Main Street, Alliance, OH 44601 (For Plaintiff-Appellant).

*Joshua M. Ford*, pro se, 32 Robert Drive, N.E., Vienna, OH 44473 (Defendant-Appellee).

JOHN J. EKLUND, J.

{¶1}   Appellant, Seal Team 6 Asphalt Ceiling Co., L.L.C., appeals the judgment of the Girard Municipal Court denying its Complaint for Forcible Entry and Detainer and Money Damages. Appellant has raised two assignments of error arguing that the trial court erred in finding that a "manufactured home park operator" does not have a right to evict a tenant operating under a periodic tenancy other than through R.C. 4781.45 and that the trial court's adoption of the magistrate's decision was an abuse of discretion.

{¶2}   Having reviewed the record and the applicable caselaw, we find the trial court's judgment was not in error. Under R.C. Ch. 4781, a manufactured home park owner

may not cause a tenant to become a holdover tenant by serving a 30-day notice to vacate the premises unless there is "a material violation of the rules of the manufactured home park, of the department of commerce division of industrial compliance, or of applicable state and local health and safety codes" that the tenant fails to remedy in that 30-day period. R.C. 4781.45. In this case, Appellant served a 30-day notice but did not allege any material violation. Accordingly, Appellee did not become a holdover tenant subject to forcible entry and detainer pursuant to R.C. 4781.37 and R.C. Ch. 1923.

{¶3}   Therefore, we affirm the judgment of the Girard Municipal Court.

### Substantive and Procedural History

{¶4}   On May 19, 2025, Appellant filed a Complaint for Forcible Entry and Detainer and Money Damages.

{¶5}   The Complaint claimed that Appellant purchased a manufactured home park in Vienna, Ohio. Appellant alleged that Appellee, Joshua M. Ford, was a current tenant on a periodic, month-to-month basis and was delinquent on his property taxes owed to Trumbull County in an amount in excess of $1,709.13.

{¶6}   Appellant claimed a right to terminate the tenancy and evict Appellee based on R.C. 4781.37 and R.C. Ch. 1923.

{¶7}   On June 10, 2025, the matter proceeded to a hearing before the magistrate.

{¶8}   Elizabeth McCarty, Appellant's agent and park manager, testified that as of July 2024, Appellee did not have any kind of lease or tenancy to live in the park and was considered a month-to-month tenant. McCarty said that she posted a 30-day notice of termination of tenancy at Appellee's front door on March 7, 2025. On May 8, 2025,

Appellee was still present in the park, and McCarty said that she posted a three-day notice to leave the premises on Appellee's front door.

{¶9} McCarty said that Appellee failed to leave the park and that the mobile unit he owned remained there. She said that there was no specific reason for the termination of the tenancy. She maintained that Appellee was given proper notice to end the month-to-month tenancy without cause.

{¶10} The magistrate examined Appellee, who testified that he had been living at the park for eight years and that he did not have a current written lease agreement.

{¶11} The magistrate also examined Appellee's father, James Ford, who testified as to his understanding of Ohio law about evictions from manufactured home parks. He testified that the "onus was on the park to come to [Appellee] at the end of the other lease and provide a lease agreement or discuss a lease agreement."

{¶12} Appellant's counsel responded to these claims by saying that R.C. 4781.37 "does allow a park operator to evict an occupant of the park where he is staying over his term because there was no lease. This automatically converted to a month to month tenancy apparently all the way back in maybe 2018 or 2019 based on his testimony . . . . Since he was a month to month tenant and he was properly served with a 30 day notice . . . prior to the three day he is staying beyond his term and the park operator wishes to evict under 4781.37."

{¶13} The magistrate said "[i]t is my understanding that . . . the only way that you can evict them is if they violate a material provision. They didn't do that, nor did you allege that. . . . This is a unique situation. When the owner of a mobile home is in a mobile home park they have rights different than other people's rights and you cannot just simply

Case No. 2025-T-0056

terminate them with a 30 day notice. . . . The only way you can terminate him is if for just cause as he has suggested." The magistrate took the matter under advisement.

{¶14} On June 17, 2025, the magistrate issued a Magistrate's Decision. The Magistrate's Decision found that Appellee owns his manufactured home and rents a lot from Appellant's manufactured home park. The Decision found that Appellant had served a 30-day notice to terminate the tenancy and that based on Appellee's failure to leave within that 30 days, Appellant issued a three-day notice to Appellee for being a holdover tenant. The Decision found there was no other basis for the eviction.

{¶15} The magistrate determined that R.C. 1923.02(A)(1) permits a manufactured park operator to evict a manufactured home owner for holding over the term of a rental agreement and that R.C. Ch. 4781 "establishes the standard for determining whether" the owner "is a holdover tenant." Citing R.C. 4781.45 (formerly R.C. 3733.13), the magistrate determined that an owner "is not a holdover tenant unless (1) the owner commits a material violation of a ORC 4781.45 (formerly 3733.13) obligation, (2) the park operator gives the owner written notice of the violation in accordance with ORC 4781.45, and (3) the owner fails to remedy the violation by the date specified in the notice." The magistrate determined that Appellant "failed to establish a proper basis to terminate the lease, therefore the case is dismissed."

{¶16} On July 1, 2025, Appellant filed an Objection to Magistrate's Decision. Appellant argued that a manufactured home park operator may evict a holdover tenant under R.C. 4781.37 and R.C. Ch. 1923. Appellant also argued the Magistrate's Decision cited caselaw that relied "exclusively upon citation **to a section of the Ohio Revised Code that has been repealed.**" (Bold in original.) Appellant also argued that R.C.

Case No. 2025-T-0056

4781.45 did not address the requirements to evict a holdover tenant at all and that the Magistrate's Decision improperly relied on that statute because it addresses "a manufactured park operator's legal authority to impose rules for a manufactured home park, and the availability of a defense to termination [sic] of a rental agreement for two material violations of those rules. [appellant] at no time sought to terminate a rental agreement with [Appellee]."

{¶17} Appellee did not respond to Appellant's Objection to Magistrate's Decision.

{¶18} On July 25, 2025, the trial court issued a Judgment Entry overruling Appellant's Objection and affirming the Magistrate's Decision. The trial court determined that the facts were not in dispute, that Appellant desired to terminate Appellee's tenancy, and that Appellee "committed no act which would otherwise be grounds for eviction pursuant to" R.C. 5321.05 or 4781.45. The trial court determined that R.C. 5321.17(B), allowing a landlord to terminate a month-to-month periodic tenancy by providing a tenant with a 30-day notice, does not govern the relationship between a manufactured home park operator and their tenants. The trial court determined that R.C. Ch. 4781 governs a manufactured home park operator's ability to terminate a tenancy and does not provide "for the termination of a month-to-month tenant."

{¶19} The trial court said that contrary to Appellant's assertion in its Objection to Magistrate's Decision, R.C. Ch. 3733 was not repealed but was merely replaced by R.C. Ch. 4781. Therefore, the trial court concluded that it was appropriate to rely on *Schwartz v. McAtee*, 22 Ohio St.3d 14 (1986), which addressed former R.C. Ch. 3733, and thus apply the rationale of that case to R.C. Ch. 4781. The trial court stated: "Simply any

reference to 'Chapter 3733' in the *Schwartz* decision can be replaced with 'Chapter 4781' and the same rationale applies."

{¶20} Relying on *Schwartz*, the trial court determined that a tenant in a manufactured home park cannot become a holdover tenant unless the tenant fails to fulfill an obligation imposed by R.C. 4781.39, the park operator gives the tenant written notice of noncompliance in accordance with R.C. 4781.45, and the tenant fails to remedy the noncompliance within no less than 30 days. The trial court determined that because Appellee did not violate any portion of R.C. 4781.39, Appellant did not have the right to terminate Appellee's month-to-month tenancy without cause. The trial court said that a manufactured park operator "may only terminate a mobile home month-to-month tenancy under [R.C.] 4781.45."

{¶21} Appellant timely appealed, raising two assignments of error. Appellee has not filed an Answer brief.

### Assignments of Error and Analysis

{¶22} We address Appellant's assignments of error together.

{¶23} Appellant's first assignment of error states: "The trial court committed plain error in finding that park operator does not have a right to evict a tenant operating under a periodic tenancy *other than* through R.C. § 4781.45." (Emphasis in original.)

{¶24} Appellant's second assignment of error states: "The trial court's decision affirming the magistrate's decision was an abuse of discretion as it applied the wrong legal standard, misapplied the correct legal standard, and/or relied on clearly erroneous findings of fact."

Case No. 2025-T-0056

{¶25} Appellant's assignments of error relate to the trial court's adoption of the Magistrate's Decision. This Court has consistently held that the trial court's judgment regarding whether to adopt, reject, or modify a magistrate's decision is reviewed for abuse of discretion. *Coliadis v. Holko Enercon, Inc.*, 2016-Ohio-8522, ¶ 18 (11th Dist.). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004). "When a pure issue of law is involved in appellate review, the mere fact that the reviewing court would decide the issue differently is enough to find error." *Id.* at ¶ 67. "By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Id.*

{¶26} Appellant argues that it is entitled to terminate Appellee's month-to-month tenancy without cause pursuant to R.C. 4781.37(A), which provides:

(A) Notwithstanding section 4781.36 of the Revised Code, a park operator may bring an action under Chapter 1923. of the Revised Code for possession of the premises if any of the following applies:

(1) The resident is in default in the payment of rent.

(2) The violation of the applicable building, housing, health, or safety code that the resident complained of was primarily caused by any act or lack of reasonable care by the resident, by any other person in the resident's household, or by anyone on the premises with the consent of the resident.

**(3) The resident is holding over the resident's term.**

(4) The resident is in violation of rules of the division of industrial compliance adopted pursuant to section 4781.26 of the Revised Code or rules of the manufactured home park adopted pursuant to the rules of the division.

Case No. 2025-T-0056

(5) The resident has been absent from the manufactured home park for a period of thirty consecutive days prior to the commencement of the action, and the resident's manufactured home, mobile home, or recreational vehicle parked in the manufactured home park has been left unoccupied for that thirty-day period, without notice to the park operator and without payment of rent due under the rental agreement.

(Bold added.)

{¶27} The key provision in question is (A)(3), dealing with the landlord's ability to bring an action under R.C. Ch. 1923 due to a tenant holding over their tenancy. Appellant contends that it issued a valid 30-day notice to Appellee and that because Appellee failed to vacate the tenancy by the expiration of that 30-days, that Appellee is a holdover tenant subject to eviction under R.C. Ch. 1923.

{¶28} However, Appellant has failed to read R.C. 4781.37 in the broader statutory context and therefore has failed to understand that its initial 30-day notice was not valid because it was not issued under one of the statutorily authorized purposes set forth in R.C. Ch. 4781.

{¶29} R.C. 4781.45 provides:

If a resident commits a material violation of the rules of the manufactured home park, of the department of commerce division of industrial compliance, or of applicable state and local health and safety codes, the park operator may deliver a written notification of the violation to the resident. The notification shall contain all of the following:

(A) **A description of the violation**;

(B) A statement that the rental agreement will terminate upon a date specified in the written notice not less than thirty days after receipt of the notice **unless the resident remedies the violation**;

(C) **A statement that the violation was material** and that if a second material violation of any park or division rule, or any health and safety code, occurs within six months after the date of this notice, the rental agreement will terminate immediately;

Case No. 2025-T-0056

(D) A statement that a defense available to termination of the rental agreement for two material violations of park or division rules, or of health and safety codes, is that the park rule is unreasonable, or that the park or division rule, or health or safety code, is not being enforced against other manufactured home park residents, or that the two violations were not willful and not committed in bad faith.

**If the resident remedies the condition described in the notice, whether by repair, the payment of damages, or otherwise, the rental agreement shall not terminate.** The park operator may terminate the rental agreement immediately if the resident commits a second material violation of the park or division rules, or of applicable state and local health and safety codes, subject to the defense that the park rule is unreasonable, that the park or division rule, or health or safety code, is not being enforced against other manufactured home park residents, or that the two violations were not willful and not committed in bad faith.

(Bold added.)

{¶30} Under R.C. 4781.45, a park operator may only issue a valid 30-day notice upon "a material violation of the rules of the manufactured home park, of the department of commerce division of industrial compliance, or of applicable state and local health and safety codes." If the park operator has notified the tenant of such a violation, the tenant must be provided with 30 days to remedy the violation. If the tenant does remedy a first violation within that 30-day period, then the rental agreement "shall not terminate." It is undisputed that Appellant served Appellee with a 30-day notice of termination without any reason other than its desire to terminate the tenancy.

{¶31} R.C. Ch. 4781.45 simply does not permit a park operator to take such action. Appellant's argument that the trial court improperly relied on *Schwartz v. McAtee*, 22 Ohio St.3d 14 (1986) because that case addressed the now repealed R.C. Ch. 3733 is without merit. The trial court correctly determined that R.C Ch. 4781 replaced former R.C. Ch. 3733. *See Lagunzad v. Parma Estates L.L.C.*, 2025-Ohio-1368, ¶ 38 (8th Dist.).

Case No. 2025-T-0056

Like R.C. Ch. 3733, R.C. Ch. 4781 "governs tenancies in a manufactured home park." *Id.* Therefore, it is appropriate to rely on the Ohio Supreme Court's precedent set forth in *Schwartz* when applying R.C. Ch 4781. *See id.*, citing *Schwartz* at paragraph one of the syllabus.

{¶32} In *Schwartz*, the Ohio Supreme Court held that R.C. Ch. 5321 "does not govern the relationship between manufactured home park operates and their tenants." *Id.* at paragraph one of the syllabus. Applying former R.C. 3733.101 (now R.C. 4781.39) and R.C. 3733.13 (now R.C. 4781.45), the Court said that a manufactured home park tenant "cannot become a holdover tenant unless: (a) he fails to fulfill an obligation imposed by [R.C. 4781.39], provided it materially affects health and safety; (b) the park operator gives the tenant written notice of noncompliance in accordance with [R.C. 4781.45], and (c) the tenant fails to remedy the noncompliance by the date specified in the notice which shall be not less than thirty days." *Id.* at paragraph two of the syllabus.

{¶33} The result is that a manufactured home park operator cannot maintain a successful "action in forcible entry and detainer against a tenant unless the tenant has defaulted in the payment of rent and/or breached the terms of his rental agreement." *Id.* at paragraph three of the syllabus.

{¶34} The Ohio Supreme Court set forth the basis for these holdings, saying that

[t]he history of R.C. Chapter 3733 makes it clear that the General Assembly was undoubtedly aware of the immobile nature of today's "mobile" homes. The legislature not only created obstacles to the landlord's authority to evict, but even changed the statute's terminology from "trailer," which describes a portable structure, to "manufactured home," which describes a permanent structure. We must remain mindful of this legislative history when considering the arguments of the parties herein. Furthermore, we know that R.C. Chapter 3733 is a remedial statute and, therefore, must be liberally construed in order to promote its object and assist the parties in attaining justice. R.C. 1.11.

Case No. 2025-T-0056

*Schwartz*, 22 Ohio St.3d at 18-19.

{¶35} As discussed above, Appellant cannot simply serve a 30-day notice to terminate a month-to-month tenancy without cause. R.C. 4781.37 needs to be read in conjunction with R.C. 4781.45. The Court explained that a manufactured home park owner cannot cause a tenant to become a holdover tenant through R.C. 5321.17(B) by giving a tenant 30-days' notice of termination of a periodic tenancy. *Id.* at 19. *Schwartz* found that the landlord's "contention that they caused appellant to become a holdover tenant through operation of R.C. 5321.17" was erroneous and directly held that R.C. 3733.13 (now R.C. 4781.45) "is the *only* provision in that chapter which provides for the termination of tenancies." *Id.* (Emphasis in original.)

{¶36} Although the language of R.C. 3733.13 in effect at the time *Schwartz* was released is different than the current R.C. 4781.39, the two statutes both provide that a manufactured home park operator may only issue a 30-day notice to a tenant upon a violation of some obligation imposed on the tenant by law or the rules of the manufactured home park. Former R.C. 3733.13 provided that a rental agreement "shall terminate" if a tenant fails to remedy a violation within 30 days. However, current R.C. 4781.39 provides that if a resident remedies the violation, "the rental agreement shall not terminate." The effect of the language in current R.C. 4781.39 amplifies the implied meaning of former R.C. 3733.13; that is to say, a manufactured home park owner may only terminate a tenancy for a violation *after* giving 30-days' notice of such violation and *only* if the tenant has failed to remedy that violation in that time.

{¶37} *Schwartz* also found that R.C. 3733.11 (now R.C. 4781.40(C)), providing that a manufactured home park operator shall promulgate rules governing the rental or

occupancy of a lot in the home park, allowed a manufactured home park operator to change the current rules of the park, so long as they are not arbitrary, unreasonable, or capricious. *Id.* at 21. This would allow a home park operator to ensure that tenants without formal lease agreements comply with the rules governing the park, and "[a]ny tenant not complying with the reasonable notice to remove his or her trailer home would be in violation of one of the terms of the rental agreement . . . and thus subject to a forcible entry and detainer action as provided for in R.C. 1923.02(A)(10)." *Id.* at 22.

{¶38} We therefore conclude that the trial court correctly applied *Schwartz* and correctly determined that Appellant was without statutory authority to prevail in a forcible entry and detainer action where Appellant failed to allege that Appellee had committed any violation as required by R.C. 4781.45.

{¶39} Accordingly, Appellant's assignments of error are without merit.

{¶40} For the foregoing reasons, the judgment of the Girard Municipal Court is affirmed.

EUGENE A. LUCCI, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2025-T-0056

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Girard Municipal Court is affirmed.

Costs to be taxed against Appellant.

JUDGE JOHN J. EKLUND

JUDGE EUGENE A. LUCCI,
concurs

JUDGE ROBERT J. PATTON,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-T-0056